FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2016 AUG 25  AM 11: 36

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

STACEY NEELY,
an individual

    Plaintiff,

vs.

3:16-cv-1081-J-34JBT

TARGET CORPORATION,
a Florida Profit Corporation

    Defendant.

_____/

## DEFENDANT TARGET CORPORATION'S NOTICE OF REMOVAL

Defendant TARGET CORPORATION (hereinafter "Defendant"), through its undersigned attorneys and pursuant to 28 U.S.C. §1446, files with this Court a Notice of Removal of the above-captioned matter from the Fourth Judicial Circuit, Duval County, Florida. In support of the removal of this action, Defendant states as follows:

1. Plaintiff Stacey Neely has filed a civil action in the Circuit Court of Duval County, Florida, Case No. 16-2016-CA-4572, Division CV-B, for injuries arising out of an incident that occurred on or about August 17, 2012 at a Target Store located at 4567 River City Drive, Jacksonville, Duval County, Florida 32246. True and correct copies of all process and pleadings served by or upon Defendant, as provided by 28 U.S.C. §1446(a) and Middle District of Florida Local Rule 4.02(b) are attached hereto as Exhibit A.

2. Defendant removes this action on the basis of diversity jurisdiction pursuant to 28 U.S.C. §1332 and §1441.

3. Plaintiff alleges she has been a citizen and resident of Duval County, Florida, at all relevant times. (Complaint ¶ 2).

4. Defendant, at all relevant times, has been a domiciliary of the State of Minnesota, is incorporated in Minnesota, and has its principal place of business in Minnesota.

5. Plaintiff alleges her damages exceed the minimum jurisdictional limits of the Florida Circuit Court, (Complaint ¶ 1), which requires a minimum of $15,000 in controversy. §§ 26.012(2); 34.01(1)(c) Fla. Stat.

6. Plaintiff contends that "[a]s a result of Defendant's negligence, Plaintiff suffered *permanent physical injury* and resulting pain and suffering, disability, scarring, disfigurement, mental pain and suffering, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money. *The losses are permanent and continuing in nature* and Plaintiff *will suffer the losses in the future.*" (Complaint ¶ 10 (emphasis added)).

7. In a letter dated March 8, 2016, Plaintiff's counsel's describes the Plaintiff's treatment, which included chiropractic, physical therapy, sports medicine, pain management (injections), and a recommendation from an orthopedic surgeon to pursue a low back surgery in the form of an L5-S1 discectomy and fusion. Plaintiff's counsel's letter also stated his client has incurred $60,834.36 in medical expenses as of the date of the letter, with allegations that the Plaintiff continues to suffer from pain and has difficulty participating in activities of daily living. Plaintiff also alleges that as a result of this incident, her risk of developing future degenerative conditions is significantly increased. Plaintiff's counsel alleges the Plaintiff incurred the following medical expenses:

| | |
|---|---|
| Naval Hospital Jacksonville | $48,306.90 |
| Coastal Spine & Pain Center | $12,170.00 |
| Sea Spine Orthopedic | $357.46 |
| Total | $60,834.36 |

(Exhibit B)

8. Plaintiff's counsel provided Defendant with copies of the Plaintiff's medical treatment records in an effort to support the allegations set forth in his March 8, 2016 letter. (Exhibit C)

9. The Plaintiff's past medical bills alleged, coupled with the unspecified claims of pain and suffering, disability, mental pain and suffering, loss of capacity for the enjoyment of life, loss of earnings, and loss of ability to earn money, all of which Plaintiff contends are permanent and continuing into the future, show the amount in controversy in this action exceeds $75,000.00.

10. Defendant files this Notice of Removal within thirty (30) days of Plaintiff's service of the Summons and Complaint, which took place on July 26, 2016. Therefore, this Notice of Removal is timely.

11. The United States District Court for the Middle District of Florida, Jacksonville Division, encompasses the location of the State Court action. Thus, Defendant may properly remove the State Court action to this Court pursuant to 28 U.S.C. §1441(a).

12. Based on the Plaintiff's medical treatment and records, alleged medical bills, representations by Plaintiff's attorneys, the damages claimed by the Plaintiff are greater than $75,000.00 exclusive of interest and costs. Therefore, this United States District Court has original jurisdiction pursuant to 28 U.S.C. §1332.

13. Pursuant to 28 U.S.C. §1446(d), Defendant has served written notice on Plaintiff of the filing of this Notice of Removal. Defendant has filed and served a true and correct copy of the Notice of Removal with the State Court, as required by 28 U.S.C. §1446(d).

14. Pursuant to the Rules of this Court, Defendant has submitted herewith a filing fee of $400.00.

WHEREFORE, the Defendant respectfully requests that this Court accept the removal of this action from State Court.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via electronic mail to Christopher W. Hewett, Esquire, The Law Office of Nooney & Roberts, at Primary E-mail: chewett@nooneyandroberts.com and Secondary E-mails: thill@nooneyandroberts.com; pleadings@nooneyandroberts.com this 25th day of August, 2016.

SAALFIELD SHAD, P.A.

WILLIAM T. STONE
Florida Bar No. 263397
DANA A. JACOBS
Florida Bar No. 59053
245 Riverside Avenue, Suite 400
Jacksonville, Florida 32202
Telephone: (904) 355-4401
Facsimile: (904) 355-3503
wstone@saalfieldlaw.com
llovein@saalfieldlaw.com
*Attorneys for Defendant, Target Corporation*

4