**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

STACEY NEELY,

    Plaintiff,

v.                                           Case No. 3:16-cv-1081-J-34JBT

TARGET CORPORATION,

    Defendant.
_____/

**O R D E R**

**THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction, and therefore, have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279–80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("It is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

On August 25, 2016, Defendant Target Corporation (Target) filed a notice of removal notifying the Court of its intent to remove this action to the United States District Court for the Middle District of Florida, Jacksonville Division, and purporting to set forth the facts

1

establishing that the Court has jurisdiction over this action. See Defendant Target Corporation's Notice of Removal (Doc. 1; Notice), at 1–3. Specifically, Target asserts that the Court has jurisdiction because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, in accordance with 28 U.S.C. § 1332, and therefore, this action is removable pursuant to 28 U.S.C. § 1441. See id. at 2–3. In support of this assertion, Target declares that "Plaintiff alleges she has been a citizen and resident of Duval County, Florida, at all relevant times." Id. at 2, ¶ 3 (citing Complaint (Doc. 2), filed on August 25, 2016, at ¶ 2). However, although Target asserts that Plaintiff Stacey Neely (Neely) alleges her citizenship in the Complaint, a review of the Complaint discloses that Neely alleges merely that she "resided in Jacksonville, Duval County, Florida." See Complaint ¶ 2 (emphasis added). This allegation does not adequately identify the citizenship of Neely, and thus, the Court is without sufficient information to satisfy its jurisdictional inquiry.

For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants." Univ. of S. Ala., 168 F.3d at 412. To establish diversity over a natural person, a complaint must include allegations of the person's citizenship, not where he or she resides. See Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). A natural person's citizenship is determined by her "domicile," or "the place of h[er] true, fixed, and permanent home and principal establishment . . . to which [s]he has the intention of returning whenever [s]he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257–58 (11th Cir. 2002) (quotation and citation omitted).

Because the Notice alleges Neely's citizenship merely by citing to the allegation in the Complaint, which discloses only Neely's residence, rather than her domicile or state of

citizenship, the Court finds that Target has not alleged the facts necessary to establish the Court's jurisdiction over this case. "Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." Taylor, 30 F.3d at 1367; see also Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 ("'Domicile is not necessarily synonymous with 'residence[.]'").

In light of the foregoing, the Court will give Target an opportunity to establish diversity of citizenship between the parties and that this Court has jurisdiction over the action.[1]  Accordingly, it is **ORDERED**:

Defendant Target Corporation shall have up to and including **SEPTEMBER 26, 2016**, to provide the Court with additional information demonstrating that this Court has diversity jurisdiction over this action.

**DONE AND ORDERED** in Jacksonville, Florida, this 2nd day of September, 2016.

*(signature)*
MARCIA MORALES HOWARD
United States District Judge

lc20

Copies to:

Counsel of Record

---

[1] The party seeking to invoke the Court's diversity jurisdiction bears the burden of establishing by a preponderance of the evidence that the jurisdictional prerequisites are met.  See McCormick, 293 F.3d at 1257; see also Taylor, 30 F.3d at 1367 ("noting that the "pleader must affirmatively allege facts demonstrating the existence of jurisdiction").

3